*Leave to file is granted -*
*Judge Walton*
*5/23/18*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF COLUMBIA (WASHINGTON DC)

**MARCY RAICH,**
*Plaintiff,*

v.  CIVIL DOCKET FOR CASE #: 1:17-cv-00753-RBW

**SONNY PERDUE, in his official**
**capacity, Secretary of Agriculture,**
*Defendant,*

May 18, 2018

### AMENDED COMPLAINT-Request for Pro-Bono Attorney

1. The Plaintiff alleges that the Defendant discriminated against her based on her gender, medical issues and retaliated against on her based on protected activity in violation of Title VII of the Civil Rights Act.

### I. Jurisdiction and Venue

2. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is appropriate in this Court under 28 U.S.C. § 1391.

4. Plaintiff fulfilled all jurisdictional prerequisites and exhausted her administrative remedies.

5. The Plaintiff's formal EEOC complaint APHIS-2014-00240, alleging multiple violations by USDA during the period from August 2010 to January 2014, was filed on May 3, 2013.

6. This Amended Complaint includes allegations found in APHIS-2014-00240, however not all allegations filed against the USDA were investigated.

7. Agency issued Plaintiff's Report of Investigation (ROI) on December 30, 2014. The ROI includes sworn testimony and documents supporting Plaintiff's prima facie case and rebuttal.

### II. The Parties

8. Marcy Raich serves the USDA's Animal and Plant Health Inspection Service (APHIS) as a WG-5048-05 Animal Caretaker at 360 International Park Newman Georgia 30277.

9. Defendant, Secretary of Agriculture Sonny Perdue, is sued in his official capacity. The Agency is headquartered at 1400 Independence Ave., S.W. Washington, D.C. 20250.

## III. Facts

10. On various dates, Raich and other females were discriminated against in disciplinary matters and access to training based on their gender.

11. On August or September 2010, her supervisor stated that to she would never get promoted because she was a "vocal female."-so Raich did not apply for the open position at that time.

12. From 2011 until February 2014 (the exit of Lisa Beckett Strong) Raich was daily watched, questioned, given direction and told on to her first and second line supervisor, by Lisa Beckett due to her gender, age and status of being single.

13. In November of 2013, another position became available, after reassurance from the 2010 incident which Raich was questioned on from Lisa Beckett and Aaron Beaumont in 2010 for not applying, Raich then applied for the position.

14. In December of 2013, Raich expressed opposition to a sexist non-selection.

15. On December 11, 2013, Raich was not selected for the Office Automation Canine Training Technician position, as the male coworker they did promote should not have even been eligible for several reasons.

16. That day, Raich requested a meeting to discuss and oppose her non-selection.

17. On December 11, 2013, management refused to meet to discuss Raich's non-selection.

18. Before, on and after March 2013, management continued to share Raich's medical information with other staff members in her department.

19. On March 2013, management (Lisa Beckett) suggested Raich should apply for a position with another Government agency and leave her current workplace.

20. On April 22, 2013, during her mid-year review, Raich was informed by her 1st line supervisor, Valerie Hensley, that a management official (Lisa Beckett) was "keeping an eye" on her whereabouts, arrival times, and workout times and had been for years.

21. In December 2013, Plaintiff filed EEOC Complaint APHIS-2014-00240.

22. On October 2014, Raich was subjected to retaliation/reprisal on her 2014 Performance Review and dropped 2 categories from Outstanding to just meeting the requirements as reprisal for filing her EEO filing and protected activity. This effected Raich's income as she was then not eligible for a bonus for the first time in 5 years.

23. On December 30, 2014, Raich Report of Investigation (ROI) issued at 237 days, almost two months after the 180-day deadline for timely investigations under the MD 110, which lacked the investigation of 4 amendments Raich had filed with the Agency, one being the above retaliation charge.

24. Until issuance of Raich's ROI, Agency management and Agency counsel would have lacked access to her affidavit testimony and rebuttal testimony as found in the ROI.

25. In January 2014, her second-line supervisor, Michal Smith, singled her out (as her coworkers were coming in late and he had no problem with that) ran over to her office and approached her with unprofessionalism and deeming her informing her that the call-in policy would be changed after this incident, and thereafter, questioned only her timesheet submissions, not any of her coworkers who came in late.

### III. Amended Complaint Allegations

**-Discriminatory Non-Selection Based on Gender by Supervisor Lisa Beckett (Strong) at that time.**
**-Discriminatory Non-Selection Based on Medical issues (FMLA) Leave-which Michael Smith viewed as a disability.**

On August 2010 and December 11, 2013, the Defendant was discriminated against Plaintiff based on her gender, medical disability (FMLA use) and for being a "Vocal Female". These were the discriminatory issues used by Michael Smith and Lisa Beckett Strong (she at that time had married her subordinate which she was worried that was interested in me while they were hiding they were together which is why she was watching my whereabouts) her for the non-selection of the Training Technician position.

### Retaliation Based on Protected Concerted Activity

On December 11, 2013, March 2013, April 22, 2013, December 30, 2014, on January 2014, and an unspecified date the Agency retaliated against the Plaintiff based on her protected activity.

### INVESTIGATIONS THAT TOOK PLACE DURING DISCRIMINATIN

-During all of this, we had several investigations that can attest to my allegations.

1. Agency Investigation with Pam Lyons; timeframe 1 week 2010; group interactions with management along with one on one sessions and 2 or more employees at once explaining the discrimination and retaliation on individuals at the center. Non-disclosed to any employees except management.

2. Mark Dagro Investigation; timeframe appx 1 week 2012; interview employees and stated he submitted report to OCRDI. Non-disclosed to any employees, except management.

3. Workplace Violence Investigation; timeframe 1-week M-F, May 2013-when petition (in ROI) had circulated center for signatures about discrimination, retaliation, targeting of employees,

harassment of employees and a hostile work environment- Report was non-disclosed to any employees except management.

4. Office of Inspector General Investigation; timeframe 2 weeks December 2013-January 2014, Agency will not release report-Non-disclosed to any employees due to all the litigation going on (this is directly from PDC director at group meeting at the NDDTC in Oct 2015). Only disclosed to management.

5. Mobbing and Bullying in the workplace Training Seminar; timeframe 1 week, October 2015. Group Training were I was informed that one individual stated that I was being constantly on a daily basis harassed by 2 male individuals, and also one on one if you wanted, which I did speak to the writer/speaker of the book. Non-disclosure of from seminar.