# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCY RAICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 17-753 (RBW) |
| SONNY PERDUE, in his official capacity, | ) |
| SECRETARY OF DEPARTMENT OF | ) |
| AGRICULTURE, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE

Pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(3) and 28 U.S.C. § 1406, Defendant Sonny Perdue, Secretary of the Department of Agriculture ("Defendant"), respectfully moves to either dismiss this action for improper venue or transfer it to the Northern District of Georgia.

[Remainder of page intentionally left blank.]

Defendant respectfully refers the Court to the accompanying memorandum of points and authorities in support of his motion.

Dated: August 9, 2018

                                    Respectfully submitted,

                                    JESSIE K. LIU, D.C. Bar # 472845
                                    United States Attorney

                                    DANIEL F. VAN HORN, D.C. Bar # 924092
                                    Chief, Civil Division

By: */s/ Melanie D. Hendry*
       Melanie D. Hendry
       Assistant United States Attorney
       555 Fourth Street, N.W.
       Washington, D.C. 20530
       (202) 252-2510
       melanie.hendry2@usdoj.gov

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARCY RAICH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 17-753 (RBW) |
| ) | |
| SONNY PERDUE, in his official capacity, ) | |
| SECRETARY OF DEPARTMENT OF ) | |
| AGRICULTURE, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE

Defendant Sonny Perdue, Secretary of the Department of Agriculture ("Defendant"), respectfully moves to dismiss this case for improper venue because the Northern District of Georgia is the proper forum for *pro se* Plaintiff Mary Raich's ("Plaintiff") claims. Alternatively, Defendant moves that the Court transfer this case to the Northern District of Georgia pursuant to 28 U.S.C. §1406.[1]

Plaintiff, a resident of Sharpsburg, Georgia, was employed as an animal caretaker in the United States Department of Agriculture's Animal and Plant Health Inspection Service in Newnan, Georgia.[2]  *See* Amended Complaint (Dkt. No. 41) ("Am. Compl.") ¶ 8.  She "alleges that the

---

[1]  Pursuant to FRCP 6(b)(1), Defendant also requests that his deadline to otherwise respond to Plaintiff's amended complaint (currently August 13, 2018) be extended until 60 days after the court rules on this motion.  If this case is transferred, the United States Attorney's Office for the Northern District of Georgia will assume responsibility for the case and will need time to prepare the response.

[2]  Newnan, Georgia is located within the Northern District of Georgia.  *See* http://www.gand.uscourts.gov/court-information (last visited Aug. 9, 2018).

Defendant discriminated against her based on her gender, medical issues, and retaliated against her based on protected activity in violation of Title VII of the Civil Rights Act." *Id.* at ¶ 1. Plaintiff incorrectly contends that venue lies in this district. *Id.* at ¶ 3.

## **STANDARD OF REVIEW**

### I.      **Dismissal Pursuant to Rule 12(b)(3)**

When reviewing a Rule 12(b)(3) motion to dismiss for improper venue, "the court accepts plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Darby v. Dep't of Energy*, 231 F. Supp. 2d 274, 276 (D.D.C. 2002); *see also Hamilton v. TSA*, 16-cv-222, 2016 WL 8738415, at * 1 (D.D.C. Oct. 11, 2016). However, the Court is not required to accept the plaintiff's legal conclusions as true and may consider material outside of the pleadings. *See, e.g., Haley v. Astrue*, 667 F. Supp. 2d 138, 140 (D.D.C. 2009); *Darby*, 231 F. Supp. 2d at 277. Plaintiff bears the burden of establishing that she has initiated the action in the appropriate forum. *See, e.g., Webster v. Mattis*, 16-cv-2114, 2017 WL 3638181, at *2 (Aug. 22, 2017); *Akers v. Gutierrez*, 07-cv-266, 2007 WL 1541500, at *1 (May 23, 2007) (noting that "it is the Plaintiff's obligation to institute the action in a permissible forum"). Defendant may prevail on a motion to dismiss for improper venue by presenting facts sufficient to "defeat plaintiff's venue assertions." *Parker v. Sebelius*, 51 F. Supp. 3d 173, 175 (D.D.C. 2014).

### II.     **Transfer Pursuant to 28 U.S.C. § 1406**

Pursuant to 28 U.S.C. § 1406(a): "The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). The decision whether to dismiss or transfer an improperly venued case "is committed to the sound discretion of the district court." *Haley*, 667 F. Supp. 2d at 142.

## ARGUMENT

**I.   THIS CASE SHOULD BE DISMISSED BECAUSE THE DISTRICT OF COLUMBIA IS NOT THE PROPER VENUE FOR PLAINTIFF'S TITLE VII CLAIMS**

Title VII contains specific venue provisions that limit the forums in which Title VII claims may be brought. Venue is proper only in the following four places:

> in any judicial district in the State **[1]** in which the unlawful employment practice is alleged to have been committed, **[2]** in the judicial district in which the employment records relevant to such action are maintained and administered, or **[3]** in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but **[4]** if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3) (numbering added). These venue criteria demonstrate that venue for this case is proper in a federal district court in the Northern District of Georgia, not the District of Columbia.

Plaintiff's claims should be dismissed pursuant to Rule 12(b)(3) because this Court is not the proper venue for Plaintiff's suit. First, the allegedly discriminatory acts occurred in Georgia. Plaintiff does not allege that she ever worked in Washington, D.C. To the contrary, Plaintiff acknowledges that she works in Georgia and alleges that discriminatory acts occurred in Georgia. *See*, *e.g.*, *id.* at ¶¶ 8, 11-20, 22, 25. Thus, the events giving rise to Plaintiff's complaint all took place in the Northern District of Georgia.

Second, records relevant to Plaintiff's claims are located in Georgia. Further, with respect to the third venue option, as discussed above, Plaintiff's duty station was in Georgia. *Id.* at ¶ 8. Finally, the fourth venue option applies only in situations, unlike here, where the agency "may not be found within the judicial district that is the locus of the alleged discrimination." *Darby*, 231 F. Supp. 2d at 278; *see also Haley*, 677 F. Supp. 2d at 141-42.

In sum, Plaintiff cannot establish that any relevant event occurred in the District of Columbia or that any relevant records are maintained in the District of Columbia. Consequently, this Court should conclude that the District of Columbia is not the proper venue for this case.

## II.  IN THE ALTERNATIVE, THIS CASE SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF GEORGIA

Pursuant to 28 U.S.C. § 1406(a), the Court may transfer a case to a district in which venue is proper if the Court deems that it would be in the "substantial interest of justice" to transfer the case instead of dismissing it. 28 U.S.C. § 1406(a). As discussed above, the events of any operative significance all occurred in Georgia, and the witnesses and relevant documents also are located in that jurisdiction. Accordingly, if the Court does not dismiss Plaintiff's complaint, it should transfer the case to the Northern District of Georgia, where Plaintiff should have brought her claims in the first place.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this case be dismissed for improper venue or, in the alternative, be transferred to the Northern District of Georgia.

Dated: August 9, 2018

        Respectfully submitted,

        JESSIE K. LIU, D.C. Bar # 472845
        United States Attorney

        DANIEL F. VAN HORN, D.C. Bar # 924092
        Chief, Civil Division

By: */s/ Melanie D. Hendry*
        Melanie D. Hendry
        Assistant United States Attorney
        555 Fourth Street, N.W.
        Washington, D.C. 20530
        (202) 252-2510
        melanie.hendry2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2018, a copy of Defendant's Motion to Dismiss or Transfer for Improper Venue was served by electronic mail and by mailing it, postage prepaid, to Plaintiff at the following address:

>Mary Raich
>55 Oak Ridge Drive
>Sharpsburg, Georgia 30277
>raichmar@gmail.com

>*/s/ Melanie D. Hendry*
>MELANIE D. HENDRY
>Assistant United States Attorney